IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WASHINGTON, | § | |
| | § | No. 272, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 0909018475A&B (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 3, 2026
Decided: April 14, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record,[1] it appears to the Court that:

(1)    Michael Washington appeals the Superior Court's denial of his motions for the correction of an illegal sentence and a new trial.  The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Washington's opening brief that his appeal is without merit.  We agree and affirm.

---

[1] The Court has also reviewed the documents that it received from the appellant on December 22, 2025; December 29, 2025; February 6, 2026; February 13, 2026; and February 25, 2026—some of which are styled as motions seeking various forms of relief—and has determined that the appellant is not entitled to the relief sought therein and that their contents do not affect the result of this appeal.

(2) In 2010, a Superior Court jury found Washington guilty of two counts of manslaughter and two counts of possession of a firearm during the commission of a felony. Following a bench trial agreed to by the parties, the trial judge then found Washington guilty of possession of a firearm by a person prohibited ("PFBPP"). On February 11, 2011, the Superior Court sentenced Washington to a total of sixty-four years of incarceration, followed by decreasing levels of community supervision. We affirmed Washington's convictions and sentence on direct appeal.[2]

(3) Between 2012 and 2024, Washington filed five unsuccessful motions for postconviction relief.[3] In 2013 and again in 2015, Washington unsuccessfully moved for a new trial based on his alleged discovery of new evidence.[4] Washington has also unsuccessfully pursued federal habeas relief.[5] Twice, we have warned Washington that if he continues to file appeals from orders dismissing his untimely

---

[2] *Washington v. State*, 2011 WL 4908250 (Del. Oct. 14, 2011).

[3] *See Washington v. State*, 2017 WL 1573119 (Del. Apr. 28, 2017) (affirming the denial of Washington's first motion for postconviction relief); *Washington v.* State, 2022 WL 1041267 (Del. Apr. 7, 2022) (affirming the denial of Washington's second motion for postconviction relief); *Washington v. State*, 2022 WL 4088664, at *1 (Del. Sept. 6, 2022) ("The Superior Court did not err in treating the appellant's motion to set aside judgment under Superior Court Civil Rules 55(c) and 60(b) as his third motion for postconviction relief under Superior Court Criminal Rule 61 and summarily dismissing that motion."); *Washington v. State*, 2024 WL 834777 (Del. Feb. 27, 2024) (affirming the Superior Court's summary dismissal of Washington's motion for an "Injunctive Administrative Hearing," which the Superior Court treated as Washington's fourth motion for postconviction relief); *Washington v. State*, 2024 WL 5265275 (Del. Dec. 31, 2024) (affirming the denial of Washington's fifth motion for postconviction relief);

[4] *See State v. Washington*, 2016 WL 6248463 (Del. Super. Ct. Oct. 21, 2016) (denying Washington's second motion for a new trial under Superior Court Criminal Rule 33).

[5] *Washington v. May*, 2022 WL 4598510 (D. Del. Sept. 30, 2022).

and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court.[6]

(4) In May 2025, Washington filed a motion for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing that *Erlinger v. United States*[7] created a retroactively applicable rule that required a jury to find the elements of PFBPP beyond a reasonable doubt and that counsel was ineffective for failing to raise this issue in postconviction proceedings. On May 30, 2025, the Superior Court denied Washington's motion. Shortly thereafter, Washington filed a motion for a new trial, arguing that postconviction counsel's case file contains evidence entitling him to a new trial. On June 25, 2025, the Superior Court denied that motion. Washington appeals the denials of both motions.

(5) We affirm the Superior Court's decisions. In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and noted that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt."[8] *Erlinger* did not hold, as Washington

---

[6] *Washington*, 2024 WL 834777, at *1 ("We warn the appellant that if he continues to file appeals from orders dismissing untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court."); *Washington*, 2024 WL 5265275, at *1 ("We again warn Washington that if he continues to file appeals from orders dismissing his untimely and repetitive claims in the Superior Court, he will be enjoined from filing future appeals without leave of the Court.").

[7] 602 U.S. 821 (2024).

[8] *Erlinger*, 602 U.S. at 834 (citation modified).

alleges, that a jury must find the elements of a charge unanimously and beyond a reasonable doubt where, as here, a defendant waives his right to a jury trial and proceeds to a bench trial on that charge.[9]  And ineffective-assistance-of-counsel claims are not properly raised in a Rule 35(a) motion.[10]  With regard to Washington's motion for a new trial, the Superior Court correctly observed that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment."[11]  The judgment in this case became final when this Court affirmed Washington's convictions and sentence in 2011.

(6)    Finally, we have concluded that Washington's filings constitute an abuse of the judicial process and hereby enjoin Washington from proceeding in this Court on any claim related to his 2010 convictions and sentence.  Any request by Washington to invoke the Court's appellate or original jurisdiction in any matter concerning his 2010 convictions and sentence must be accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. Washington is ENJOINED under 10 *Del. C.* § 8803(e) and this order from filing a

---

[9] We note that at Washington's request, the Superior Court severed the PFBPP charge from the remaining charges.

[10] *See Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[11] Super. Ct. Crim. R. 33.

4

future notice of appeal or extraordinary writ concerning his 2010 convictions and sentence.

BY THE COURT:


_/s/ N. Christopher Griffiths_
Justice